IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

DERRICK ALLEN,                      )
                                    )
    Plaintiff,                     )
                                    )
v.                                  )    No. 14-2848
                                    )
MEMPHIS LIGHT GAS AND WATER,        )
                                    )
    Defendant.                     )

---

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Before the Court is the Magistrate Judge's July 29, 2015 Report and Recommendation (the "Report") recommending that the Court dismiss Plaintiff's complaint without prejudice for failure to obtain timely service. (Rep., ECF No. 12.) No objection has been filed to the Report and the time to do so has passed. For the following reasons, the Magistrate Judge's Report is ADOPTED and the case is DISMISSED without prejudice.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's

disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

The Magistrate Judge finds Plaintiff has failed to serve any summonses against Defendant, despite more than 120 days passing since the complaint was filed. (Rep., ECF No. 12 at 1.); see Fed. R. Civ. P. 4(m). While Plaintiff appears pro se, he does not appear in forma pauperis. As a result the Plaintiff is responsible for service, rather than the Clerk as Plaintiff erroneously believed. W.D. Tenn. Civ. R. 4.1(a). The Magistrate Judge recommends on these grounds that Plaintiff's complaint be dismissed without prejudice for failure to obtain timely service. The Report further states that any objections must be filed within fourteen (14) days after service of the Report. (Rep., ECF No. 12 at 2.); see also 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of the Magistrate Judge's Report], any party may serve and

file written objections to such proposed findings and recommendations as provided by the rules of the court.").

Because no party has objected, Arn counsels the Court to adopt the Report in its entirety. Arn, 474 U.S. at 151. Adopting the Report is consistent with the policies underlying § 636, specifically judicial economy and protecting against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical tasks." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED and the case is DISMISSED without prejudice.

So ordered this 1st day of September, 2015.

    /s Samuel H. Mays, Jr.
    SAMUEL H. MAYS, JR.
    UNITED STATES DISTRICT JUDGE